Gazzam, et al. *vs.* Bebee & Co.

GAZZAM, et al. *vs.* BEBEE & CO.

1. A discontinuance as to one of the parties, to a case on whom the writ has been executed, is a discontinuance as to all.

2. To justify a discontinuance against one, who is sued as a partner, and on whom the process has been served, it should appear that he is not a member of the firm.

Error to the Circuit court of Mobile.

*Case*—tried before Judge *Pickens.* This case was commenced by a writ issued against fifteen defendants, stated therein to be owners of a steam-boat, for repairs done to the boat, and for work and labor done generally, not averring that the defendants were partners. The declaration charged them as partners and owners of the steam boat, and declared against some of them for repairs done to the boat, in one count, and in the other, for work and labor generally.

The writ was executed on five defendants—the others not found. The declaration recited that no service was perfected on sundry named defendants, and among them one of those, on whom the writ was executed, and discontinued against them. Judgment for plaintiffs. The following errors were assigned :

1. That the court erred in proceeding to render judgment against the plaintiffs in error, after the discontinuance entered by the plaintiffs, as to a part of the defendants sued in the writ.

2. That the discontinuance entered as to a part of the defendants, was a discontinuance as to all.

8 P.                    7

3. That the proceedings and judgment in the Circuit court, were irregular in this—that the writ was sued out against the defendants as joint defendants, whereas the declaration proceeded against them as co-partners.

4. That the proceedings and judgment in the Circuit court were irregular, in this—that in the plaintiffs declaration, in the commencement, the defendants were charged as co-partners, and in the body of the declaration, no liability of the defendants, as co-partners, was shewn—whereby the judgment was uncertain ; in as much as it did not certainly appear whether the recovery was had against them as co-partners, or as joint debtors merely.

5. That the court rendered judgment against John E. O'Connell—whereas, the suit had been discontinued as to him in the declaration.

6. That the plaintiffs discontinued their suit as to all the defendants, by discontinuing the same as to John E. O'Connell, who was duly served with process.

7. That the proceedings were irregular and uncertain, in this—that the names of the defendants were not fully set out ; that one of the defendants was sometimes called O'Conner, and at others, O'Connell : that, it was therefore uncertain who was sued, and against whom judgment was rendered.

8. That the proceedings were irregular and erroneous, in this—that it was uncertain as to whom the plaintiff had discontinued, and as to whom not : that in the declaration it was recited, that the plaintiffs discontinued their suit as to eleven defendants—whereas, in the minutes it was recited, that the plaintiffs discontinued as to six only of the defendants.

9. That the proceedings and judgment were irregular, in this—that the plea was not continued at the spring term, eighteen hundred and thirty-four, nor at the fall term of eighteen hundred and thirty-four; wherefore, the proceedings were discontinued; and wherefore, the proceedings had at the spring term eighteen hundred and thirty-five, and all subsequent proceedings, were erroneous and void.

10. That the proceedings and judgment were erroneous, for uncertainty—in not specifying against whom the judgment was rendered, nor in whose favor; and for the uncertainty, variance, irregularity, and repugnance, in the several proceedings, as set out in the record.

11. That the indebtedness alleged in the declaration, was laid after the commencement of the suit; wherefore, it did not appear that the plaintiff had any cause of action against the defendants, at the time of the commencement of the suit.

*Thornton*, for the plaintiff in error.

ORMOND, J. —The writ, in this case, issued against the plaintiff in error and fourteen others, as owners of the steam-boat Courier. The writ was served on but six. The action was assumpsit, for work and labor.— The plaintiffs declared against the defendants, as co-partners—and discontinued as to those on whom the writ was not served. A discontinuance was also entered as to John M. O'Conner, upon whom the writ had been served.

As the writ, in this case, does not describe the defen-

Gazzam, et al *vs.* Bebee & Co.

dants as partners, no aid can be derived from the statute, which makes a service on one partner a service on all.

By the fifty-eighth section of the act regulating judicial proceedings at common law, it is declared, " Where any suit shall be instituted against two or more persons as partners in any firm, if one or more persons, not partners in said firm, shall have been sued as such, the court before whom such suit is pending, shall discontinue said suit against such person or persons, as shall appear not to be partners in said firm, and proceed to judgment and execution against all or any of the defendants in such action, who shall appear to be partners."

It has been repeatedly held, in this court, that a discontinuance entered as to a party in the cause, on whom the writ has been executed, is a discontinuance as to all. (See Saddler vs. Houston & Gillespie—5th Stewart & Porter, 205—where all the cases are collated.)

The statute above cited, authorises a discontinuance, in a suit commenced against partners, when one or more persons, sued as such, *shall appear* not to be members of the firm.

To justify a discontinuance against one who is sued as a partner, and on whom the process has been served, it should appear that he is not a member of the firm; as it is on that condition only, that power is given to discontinue; and when the power is exercised, it should appear on the record that the discontinuance was for that cause. No reason whatever is given here, except that the writ was not executed on John E. O'Conner and others. Therefore, the suit as to them, is dismissed. The

reason thus given for the dismissal, is not correct, in point of fact, as it appears from the record that the writ was executed on O'Conner.

The judgment must be reversed.